AMERICAN BONDING COMPANY OF BALTIMORE, APPELLANT, v. BELLE M. PULVER ET AL., APPELLEES.

FILED OCTOBER 4, 1906. No. 14,428.

1. **Depositions.** A deposition to be admitted in evidence must be reduced to writing by the officer taking the deposition, or by the witness giving the testimony, or by a disinterested person, in the presence of the officer.

2. ————: CERTIFICATE. A certificate to a deposition, which fails to show that the deposition was reduced to writing by the officer, or by the witness, or by a disinterested person, in the presence of the officer, and which further fails to show that the deposition was taken at the time and place named in the notice, is fatally defective.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*Hall & Stout* and *J. H. Robb,* for appellant.

*M. D. King* and *J. L. McPheely, contra.*

OLDHAM, C.

This was a suit in the nature of a creditor's bill seeking to set aside the conveyances of a tract of land in Kearney county, Nebraska, from defendant Belle M. Pulver to Christ Doyle, and from Ruth A. Doyle, the widow and devisee of Christ Doyle, to James E. Pulver, the husband of Belle M. Pulver. The petition alleged that these transfers were made without consideration and for the purpose of hindering and delaying the plaintiff, who was a judgment creditor of Belle M Pulver. The answer was in the nature of a general denial. There was a trial of the issues to the court, and at the close of the testimony plaintiff's bill was dismissed. To reverse this judgment of the district court plaintiff has appealed to this court.

An alleged error of the district court in suppressing the deposition of William M. Reinhardt, which was relied upon by the plaintiff to establish its claim as a purchaser and assignee of the judgment against Belle M. Pulver and others, is the only assignment relied upon for a reversal of the judgment. It is conceded that without the evidence contained in this deposition plaintiff's testimony was insufficient to sustain a judgment in its favor, so that the only question to be determined is whether or not the district court erred in suppressing this deposition. The notice to take the deposition was of a statutory form, and was to

the effect that on Monday, the 1st day of May, 1905, the plaintiff would take the depositions of William M. Reinhardt and other witnesses therein named before competent authority at the office of the American Bonding Company in the city of Baltimore, state of Maryland, at the hour of 10 o'clock A. M., with authority to adjourn from day to day until all such depositions shall have been taken. A copy of this notice was duly served upon the attorneys of the de-, fendants. The certificate to the deposition of William M. Reinhardt, taken under this notice, was as follows: "State of Maryland, City of Baltimore, Sct.: I, Millard Leonard, a duly qualified notary public of the state of Maryland, in and for the city of Baltimore, do hereby certify that William M. Reinhardt was by me first duly sworn to testify to the truth, the whole truth, and nothing but the truth, and that the above deposition by him subscribed to, as above set forth, was reduced to writing by my official stenographer, J. C. Hayne, under my dictation and supervision, in my presence, and was subscribed to in my presence, and was taken in my office in Baltimore city, and that I am not counsel or attorney for either party. In testimony whereof, I hereunto subscribe my name and affix my notarial seal, this first day of May, A. D. 1905. (Seal)   Millard Leonard, Notary Public." Section 385 of the code provides: "The officer taking the depositions shall annex thereto a certificate showing the following facts: First. That the witness was first sworn to testify the truth, the whole truth and nothing but the truth. Second. That the deposition was reduced to writing by some proper person (naming him). Third. That the deposition was written and subscribed in the presence of the officer certifying thereto. Fourth. That the deposition was taken at the time and place specified in the notice." A substantial compliance with these requirements of the statute is a necessary prerequisite to the admission of a deposition in evidence in the trial of a cause. An examination of the provisions of the section just quoted shows what are the essential requirements of a certificate to a

deposition. The certificate must show that the witness was sworn to testify to the truth, and "second, that the deposition was reduced to writing by some proper person." The provision requiring a proper person must be read in connection with section 380, which says: "The deposition shall be written in the presence of the officer taking the same, either by the officer, the witness, or some disinterested person." Here is a limitation on the authority to write the deposition, even in the presence of the officer, and this limitation is that either the officer must write it, or the witness must write it, or some disinterested person must write it, and then it must be subscribed by the witness. Now, the certificate in the case at bar shows that the deposition was reduced to writing by J. C. Hayne, the official stenographer of the notary, but it does not show that J. C. Hayne was a disinterested party. And, if he were not a disinterested party, he was not a proper person within the meaning of section 385 of the code, above quoted. The fourth provision of section 385, *supra,* is that the certificate shall show that the deposition was taken at the time and place specified in the notice. The notice, as before set out, provides that the deposition should be taken at the office of the American Bonding Company in the city of Baltimore, while the certificate shows that the deposition was taken "in my office in Baltimore city," meaning the office of Millard Leonard, notary public. It therefore appears that the certificate was irregular in not showing that the testimony was reduced to writing by a disinterested party, or a proper person, and also defective in not showing that it was taken at the time and place in the notice specified.

We are therefore of opinion that the trial judge was justified in suppressing the deposition, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court:  For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.