GENE M. LIENEMANN, APPELLEE AND CROSS-APPELLANT, V. MARGARET A. LIENEMANN, APPELLANT AND CROSS-APPELLEE.

204 N. W. 2d 170

Filed February 9, 1973. No. 38576.

Jack R. Knicely, for appellant.

Peetz & Dorwart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The principal question involved in this appeal is the determination by this court of whether Laws 1972, L.B. 820, commonly called the no-fault divorce law, governs the trial of this case on appeal in this court. This case was tried on September 3, 1971. L.B. 820 became effective on July 6, 1972. The lower court sustained the defendant's motion to dismiss the plaintiff's petition for an absolute divorce under the law effective prior to L.B. 820, on the ground of insufficiency of evidence and because of lack of corroboration. At the conclusion of the defendant's evidence the trial court sustained the plaintiff's motion to dismiss the defendant's cross-petition for divorce from bed and board on the ground of lack of corroboration. The trial court made no disposition of the issues of child custody, support, and alimony. On appeal and trial de novo in this court as provided by law, we remand the cause to the district court with directions to enter a decree appropriate to the provisions of Laws 1972, L.B. 820, either by way of absolute divorce or decree of legal separation, and to receive evidence and to determine the questions of maintenance or alimony, child custody, child support, and the division of property of the parties.

The parts of section 33 of L.B. 820, the no-fault divorce act, which this court is called upon to construe to determine the essential question involved in this

case, are: "(2) This act shall apply to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered. Pending actions for divorce or separation shall be deemed to have been commenced on the basis of irretrievable breakdown. Evidence adduced after the effective date of this act shall be in compliance with this act. * * * (4) In any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this act, the law in effect at the time of the order sustaining the appeal or the new trial shall govern the appeal, the new trial, and any subsequent trial or appeal."

This appeal was pending in this court on July 6, 1972, the effective date of the act. Consequently, the decision in this case focuses more precisely upon the words "the law in effect at the time of the order sustaining the appeal or the new trial *shall govern* the appeal, the new trial, and any subsequent trial or appeal." (Emphasis supplied.) We take judicial notice of the fact that L.B. 820 was modeled after the California and Iowa no-fault divorce laws. It is further clear that the quoted language of subsection (4) of section 33 of our act is, in a literal sense, incongruous with our procedural statutes for trial on appeal. There are no intermediate courts of appeal in Nebraska and no provision for certiorari or a court-ordered appeal. In Nebraska, appeal is a matter of right and the filing of a notice of appeal from the district court to this court, as was done in this case, automatically, by application of law, vests this court with jurisdiction and, just as important, completely divests the district court of any jurisdiction of the action. We feel that any confusion in interpretation of the analysis of the statute is cleared up when we consider the fact that at the time L.B. 820 went into effect this court was vested with jurisdiction of the cause. We go to the nature of our jurisdiction on appeal in divorce cases and our powers and duties

under the provisions of law. The law in effect is section 25-1925, R. R. S. 1943, which provides as follows: "In all appeals from the district court to the Supreme Court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the Supreme Court to *retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions,* and upon *trial de novo* of such question or questions of fact, reach an *independent conclusion* as to what finding or findings are required under the pleadings and all the evidence, *without reference to the conclusion* reached in the district court or the fact that there may be some evidence in support thereof." (Emphasis supplied.) In an unbroken line of decisions this court for many years has held section 25-1925, R. R. S. 1943, is applicable to a divorce action. We have also held, without deviation, that the Supreme Court is required to try the case *de novo* and reach independent conclusions as to the findings of fact and of the law. Otherwise stated, we have undeviatingly held that on trial de novo the Supreme Court will retry the issues on a written record and reach independent conclusions without reference to that of the district court. Gable v. Carpenter, 136 Neb. 669, 287 N. W. 70; Robinson v. Dawson County Irr. Co., 145 Neb. 32, 15 N. W. 2d 231; Sherwood v. Salisbury, 139 Neb. 838, 299 N. W. 185; Thurston v. Travelers Ins. Co., 128 Neb. 141, 258 N. W. 66; Scholz v. Scholz, 172 Neb. 184, 109 N. W. 156; Jones v. Jones, 173 Neb. 880, 115 N. W. 2d 462; Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507.

The briefs in this case argue the meaning of the term "the order sustaining the appeal." We do not feel that we need or should define this term. In fact, it is easily observable that it is impossible to give a definitive application to this language when the term is inapplicable to our appeal procedure. It is obvious

from the terms of both subsection (2) and subsection (4) of section 33 of L.B. 820 that it is required in a case of a retrial or a new trial of the issues in the case that the provisions of L.B. 820 should govern. This conclusion flows from the language of subsection (4) which states "the law in effect at the time * * * shall govern the appeal, the new trial, and any subsequent trial or appeal." The intent of the act can be further gathered from the provision of subsection (2) which says that this act shall apply to all pending actions and proceedings commenced prior to its effective date on which a *judgment* has not been entered. At the time of the effective date of L.B. 820 on July 6, 1972, this court was vested with jurisdiction of the matter and under the affirmative provisions of section 25-1925, R. R. S. 1943, it was pending here for retrial anew independent of any judgment or any action of the district court. It is obvious for the purposes of determining the question herein involved, that a judgment, in the sense of a *final* judgment, had not been entered. The reason is that the appeal vested this court with the absolute power and the absolute duty to disregard the judgment and the action of the district court and enter a new and independent determination of the issues. We reiterate the words of the statute: "* * * to retry the issue or issues * * * and upon trial de novo * * * reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court * * *." Language could not be used more clearly to demonstrate, within the meaning of the appropriate language of subsection (4) of section 33 of L.B. 820, that its provisions apply to the retrial or the new trial in the Supreme Court and that there was no "judgment" within the meaning of subsection (2) of the act.

Consequently, we hold that under the provisions of L.B. 820, the no-fault divorce law, when an appeal in

an action under the prior divorce statutes is filed in this court, this court is invested with original de novo jurisdiction and is required to try the case anew and make independent determinations of the issues presented to the district court, and the provisions of L.B. 820 are applicable to such determination by this court. As we have mentioned the trial court refused all relief to each of the parties and made no determination or findings as now required under L.B. 820, and no determination as to the matter of whether a legal separation or a dissolution of the marriage should be granted and no findings or determinations as to custody of the children, support, maintenance, and alimony.

The trial court, of course, was bound at the time of the trial and the judgment in the district court by the provisions of the previous statutes. Nevertheless, since the provisions of L.B. 820 are now applicable, the judgment of the district court must be reversed and the cause remanded with directions to enter a decree as provided for and authorized under the provisions of L.B. 820. The judgment is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH and McCOWN, JJ., concur in the result.