MARIAN R. HASSLER, APPELLEE, V. EDWIN HASSLER, APPELLANT.

206 N. W. 2d 40

Filed April 6, 1973. No. 38684.

Robert G. Scoville and Ryan & Scoville, for appellant.

Leamer & Galvin and John C. Baker, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Plaintiff was granted a divorce in the court below on the grounds of extreme cruelty and was awarded lump sum alimony in the amount of $2,150. Defendant appealed on the grounds of the insufficiency of the evidence to support the decree of divorce and the alimony award. The case was tried in the District Court and judgment rendered previous to the effective date of L.B. 820, 1972 Legislature, now sections 42-347 to 42-379, R. S. Supp., 1972, the "no fault" marriage dissolution statute.

At the time of the effective date of that act, the appeal was pending here within the meaning of our recent holding in Lienemann v. Lienemann, 189 Neb. 626, 204 N. W. 2d 170. We accordingly review the record de novo.

The finding of the trial court of extreme cruelty is, under the provisions of the former statutes, supportable neither on the basis of substance nor corroboration. The record, however, does support a finding that the marriage is irretrievably broken under L.B. 820 and we so find.

We further find that the record does not support the alimony award. The parties were married in February 1967 and separated in May 1968. There was a brief period of apparent reconciliation later in 1968. They have lived apart since that time. The divorce action was commenced January 13, 1972.

At the time of the marriage plaintiff was 43, a widow and the mother of six children, four or five of whom resided with the parties. The defendant was 49 at the time of marriage and had not previously been married. The defendant is a tenant farmer and the record is vague as to his worth at the time of marriage and at the time the decree was entered, but the worth is not great and the evidence does not show that the plaintiff contributed to it in any way. The plaintiff was employed at the time of trial and in the year 1971 had earned $4,298.80. She was also the recipient of Social Security and a veteran's pension, the latter of which was reduced upon the marriage. We have already noted that the record does not support a finding of fault on the part of the defendant.

The marriage is dissolved and the judgment of alimony is vacated. In all other respects the judgment is affirmed. The plaintiff is awarded the sum of $250 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.

SMITH, J., participating on briefs.