MANFRED PIECK, APPELLANT, v. GILDA LEE PIECK, APPELLEE.

209 N. W. 2d 191

Filed June 29, 1973. No. 38822.

Nelson, Harding, Marchetti, Leonard & Tate, for appellant.

James E. McBride, William B. Craig, and C. Maurice Rawe, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The District Court in connection with a decree of absolute divorce divided the property of the parties,

Manfred Pieck and his wife, Gilda. It also granted Gilda (1) alimony, (2) custody of the parties' three minor children subject to visitation rights of Manfred, (3) child support, and (4) leave for Gilda to remove the children to Virginia.

Manfred appeals. His assignments of error relate to alimony, visitation rights, removal of the children to Virginia, and denial of his motion for appointment of counsel for the children.

Although suit was commenced prior to July 6, 1972, the issues in question were heard after July 6, and a decree was not spread on the journal of the court until September 12. Our review is therefore governed by the no-fault divorce law. See, § 25-1301(3), R. R. S. 1943; § 42-379(2), R. S. Supp., 1972; cf. Lienemann v. Lienemann, 189 Neb. 626, 204 N. W. 2d 170 (1973).

The children, girls ages 6, 9, and 13, have resided in Omaha all their lives but have visited Gilda's parents in Virginia each summer for 1 month. On motion of Gilda to remove them to Virginia, the District Court announced in effect that it would refuse to receive any evidence offered by Manfred. It also denied the motion of Manfred to appoint counsel to represent the interests of the minor children. Manfred was financially able to pay the costs, and his liability for costs was undisputed.

The District Court in its discretion may appoint an attorney to protect the interests of any minor children of the parties. See § 42-358, R. S. Supp., 1972. The limits upon the discretion must evolve case by case.

The rulings in question were erroneous; the refusal to receive evidence from Manfred on the issue of removal and to appoint counsel was not in the best interests of the children.

The award of an absolute divorce is affirmed. The award of property, alimony, child custody, child support, leave for Gilda to remove the children to Virginia, and visitation rights of Manfred is reversed, and the cause

remanded for a new trial on those issues. Costs on appeal are taxed to Manfred, but Gilda is allowed nothing for services of her attorneys in this court.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.