ROBERT P. FORD, APPELLEE, v. LINDA M. FORD, APPELLANT.

216 N. W. 2d 176

Filed March 28, 1974. No. 39206.

William L. Monahan, John F. Brennan, and Valerie Scott, for appellant.

Daniel F. Murphy and Jerome P. Grossman of Grossman, Sloma, Murphy & Brown, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and WHITE, District Judge.

WHITE, C. J.

This is a divorce action wherein the only real issue presented to the District Court was the paternity of the two minor children. The District Court found that the two children were illegitimate and denied relief by way of child support and alimony. We reverse the judgment

of the District Court and remand the cause for a retrial upon the issue of paternity.

Section 42-358, R. S. Supp., 1972, provides that: "The court may appoint an attorney to protect the interests of any minor children of the parties. Such attorney shall be empowered to make independent investigations and to cause witnesses to appear and testify on matters pertinent to the welfare of the children. The court shall by order fix the fee, including disbursements, for such attorney, which amount shall be taxed as costs and paid by the parties as ordered, unless the court finds the party responsible is indigent and orders the county to pay." It is elementary that minor children in a divorce action are under the jurisdiction of the court and become wards of the court with an independent duty of the court to protect their interests. It is clear that the District Court, either on motion or sua sponte, may appoint legal counsel to protect the interests of any minor children of the parties to a divorce action. Pieck v. Pieck, 190 Neb. 419, 209 N. W. 2d 191.

We review this issue de novo. We realize that in the trial of most divorce actions, adequate representation by counsel for the parties, and the independent investigative powers and duties of the court, together with its continuing jurisdiction over minor children, adequately protects the children's interests and renders unnecessary the extra expense and delay of cases by court appointment of counsel to independently represent the children. However, it is abundantly clear that this action is indicated in the present case. This opinion is based upon two fundamental reasons appearing in this case. First, a decision as to legitimacy is one in which the two children, independent of the dispute between the parents, have a vital and enduring interest affecting their own life, which requires that they be independently protected by the court and the representation of counsel. The children's interests may be adverse

to both parents in the case. We observe that it is not only the stigma attached to the determination of illegitimacy, but a much deeper impact upon the children as they grow older as to their identity, the procuring of their necessary support from the real father, inheritance rights, and many others. Second, the evidence in this case is inadequate, under the existing standards, to sustain a finding of illegitimacy. Further exploration of areas of competent evidence by adverse representation may require a different determination by the District Court. The evidence establishing and supporting the finding of illegitimacy is persuasive but does not reach the standard of proof required in a paternity case. Legitimacy of children born during wedlock is presumed and this presumption may be rebutted only by clear, satisfactory, and convincing evidence and the testimony or declaration of a husband or wife is not competent to bastardize a child born during wedlock. § 42-377, R. S. Supp., 1972; Schmidt v. State, 110 Neb. 504, 194 N. W. 679; In re Estate of McDermott, 125 Neb. 179, 249 N. W. 555; In re Estate of Oakley, 149 Neb. 556, 31 N. W. 2d 557; Hudson v. Hudson, 151 Neb. 210, 36 N. W. 2d 851.

A brief sketch of the evidence will be recited to show the evidentiary problem involved. There is evidence indicating that for extensive periods of time prior to the separation there had been no sexual relations between the parties. Robert testified that the last time he had sexual relations with Linda was before he was involved in a motorcycle accident on May 27, 1972. Robert suffered a leg injury in that accident. After this accident, the parties while residing in the home of Robert's sister, Jan Paul, slept apart. Then on June 14, 1972, Linda left for Hawaii to be with one Mike Pechar. There is evidence that Linda menstruated just before leaving for Hawaii. Linda remained in Hawaii for approximately 1½ months. She returned to Ne-

braska on August 9th or 10th, 1972, and it was about 6 days later that Robert learned that she was pregnant. Linda gave birth to twin girls on March 27, 1973, with a pregnancy duration of approximately 286 days, whereas the average duration of pregnancy is around 266 days. 5B Lawyers' Medical Encyclopedia, § 37.2a, p. 10. Jan Paul, Robert's sister, stated that she had been told by Linda that Robert was not the cause of Linda's pregnancy. Linda, however, asserts that she made no such admission to Jan Paul. According to Linda, Robert is the father of her twin children, conception having occurred in June of 1972, just prior to the time that Linda left for Hawaii to be with Mike Pechar. The most significant aspect of the evidentiary picture in this case is in the lack of blood tests and expert testimony thereon, which might be highly significant in establishing that Robert was *not* the father of the children. Houghton v. Houghton, 179 Neb. 275, 137 N. W. 2d 861. Moreover, there was no medical evidence or expert testimony with relation to the issues of the duration of the term of pregnancy, the medical condition of Linda during the period of the pregnancy, the condition and maturity of the twins at the time of birth, and possibly significant testimony as to Robert's partial sterility. Testimony touching on these areas was received by the trial judge but it was obviously hearsay and wholly incompetent to sustain the necessary burden of proof required in a case of this type. The trial court found that the respondent, Linda, "had failed to prove that the petitioner was the father of her children born during the marriage." We do not pass upon the question of the proper weight to be given to the testimony that was introduced or the question of whether the trial judge applied an incorrect standard as to the burden of proof. It is apparent that the competent evidence introduced at the trial did not reach the level of being clear, satisfactory, and convincing evidence rebutting

the presumption of legitimacy. It is clear since the independent interests of the children as to the determination of their legitimacy and paternity are concerned, that this court should order a retrial.

In the District Court there was no issue presented as to the granting of the divorce. Consequently, on remand the issues should be limited to the question of paternity and legitimacy and any consequent issue of award of child support that may follow. The record almost conclusively supports a finding of indigence of both parties and there is no evidence that will support an award of alimony.

The judgment of the District Court is reversed and the cause remanded for a new trial with directions to the District Court to appoint counsel in conformity with section 42-358, R. S. Supp., 1972, and to limit the issues on retrial in conformity with the opinion herein.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON, J., concurs in result.