PATRICIA BARNES, APPELLANT, v. JACKSON BARNES, APPELLEE.

220 N. W. 2d 22

Filed July 11, 1974. No. 39407.

Norman Denenberg, for appellant.

David S. Lathrop of Lathrop, Albracht & Dolan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This appeal arises out of an action for the dissolution of marriage brought by the appellant, Patricia Barnes. The marriage involved was one of relatively short duration. No interests of minor children are involved. The

District Court entered a decree finding that reasonable efforts of reconciliation having been made, the marriage of the appellant and appellee was irretrievably broken. Therefore, the District Court ordered that the marriage should be dissolved. The court further ordered the appellee to pay the appellant $500 within 10 days and to pay alimony in the amount of $100 per month for a period of 6 months and thereafter $75 per month for a period of 20 months, for a total of $2,600. The court also awarded the appellant $350 as attorney's fees in addition to $150 temporary attorney's fees that had previously been allowed. Subsequently, this appeal was brought, the appellant asserting that the awards of alimony and of attorney's fees were insufficient. We affirm.

The standard of review that must be applied in this case is clear. In an appeal of an action for the dissolution of marriage, the Supreme Court is required to try the case de novo and reach independent conclusions on the issues presented by the appeal without reference to the conclusion or judgment reached in the District Court. § 25-1925, R. R. S. 1943; Lienemann v. Lienemann, 189 Neb. 626, 204 N. W. 2d 170 (1973); Hassler v. Hassler, 190 Neb. 86, 206 N. W. 2d 40 (1973); Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111 (1974); Seybold v. Seybold, 191 Neb. 480, 216 N. W. 2d 179 (1974). Thus, the determination of the issues of alimony and attorney's fees will be made by this court de novo.

We address ourselves first to the issue of attorney's fees. A reasonable attorney's fee is to be determined by the nature of the case, the amount involved in the controversy, the results obtained and the services actually performed therein, including the length of time necessarily spent in the case, the care and diligence exhibited, and the character and standing of the attorney. Seybold v. Seybold, *supra;* Junker v. Junker, 188

Neb. 555, 198 N. W. 2d 189 (1972). The appellant in this case was awarded a total of $500 as attorney's fees by the District Court, which amount included $150 as temporary attorney's fees. Upon consideration of the material factors in relation to this case, we have concluded that $500 is a reasonable attorney's fee for the services of the appellant's counsel in the District Court.

With respect to the issue of alimony, the appellant cites the cases of Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847 (1950), and Pasko v. Trela, 153 Neb. 759, 46 N. W. 2d 139 (1951), as controlling. Those opinions, both handed down prior to the adoption of the Nebraska no fault divorce law, set forth several factors which were to be considered in determining how much alimony should be awarded in a particular case. The appellant asserts that under those guidelines, the award of alimony in this case should exceed the amount awarded by the District Court. The primary thrust of appellant's argument is that the award of alimony should be higher in light of the financial condition of the appellee. We do not agree.

The appellant, Patricia Barnes, and the appellee, Jackson Barnes, were married on December 22, 1972. By the beginning of May 1973, their marriage had already deteriorated substantially. On July 10, 1973, the appellant filed her petition for dissolution of the marriage. The appellant was 35 years of age at the time of her marriage to the appellee. The appellant has engaged in compensatory employment at previous times of her life and immediately prior to the marriage in question was an employee of the appellee.

It is clear that this court is not necessarily bound by the authority of cases not decided under the divorce statute now in effect in this state. Under the statutes relating to dissolution of marriage presently in effect in Nebraska, upon the dissolution of a marriage the court may order payment of such alimony by one party

to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment. § 42-365, R. S. Supp., 1972; Albrecht v. Albrecht, 190 Neb. 392, 208 N. W. 2d 669 (1973). The marriage involved in this case was of a very short duration. The appellant is relatively young, in good health, and apparently quite able to engage in gainful employment. Under these circumstances, we believe that the amount of alimony awarded by the District Court was adequate.

Appellee contends that credit should be given him for payments on the court's order for temporary allowances during appeal, stating that the trial court limited such payments to 13 months so they would not more than consume the alimony awarded. There is nothing in the record in this case indicating any such intention on the part of the trial judge, and we therefore find against appellee on this claim.

However, we conclude there was reasonable justification for the position taken by appellant in this appeal, and we therefore award an additional $350 for the services of her attorney in this court.

AFFIRMED.