JIMMY D. PERKINS, APPELLANT, V. STELLA L. PERKINS, APPELLEE.

253 N. W. 2d 42

Filed April 27, 1977. No. 40973.

Cronin, Shamberg & Wolf, for appellant.

John Story for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, J.

This appeal is from an order entered on a motion to modify a dissolution of marriage decree finding a child of the parties was born after the dissolution of the marriage, and fixing child support. The modification was granted after term time. The trial court found that Stella L. Perkins, the respondent, was pregnant at the time of the decree; that the peti-

tioner, Jimmy D. Perkins, is the father of Jimmy J. Perkins, born subsequent to the decree; and ordered Jimmy D. Perkins to pay the sum of $60 per month as child support. Jimmy prosecutes this appeal, attacking the jurisdiction of the court to enter the decree. We affirm, but for a different reason than that given by the trial court.

Jimmy filed suit for dissolution of the marriage on August 6, 1974. On August 7, Stella's voluntary appearance was filed. This appearance was witnessed by Jimmy's attorney. The marriage was dissolved on November 13, 1974. Stella was not represented by counsel, did not appear in court, and her default was entered. A property settlement, prepared by Jimmy's attorney, which made no mention of the child Stella was then carrying, was approved by the court. At the time of the dissolution of the marriage, Stella was a little over 4 months pregnant. She had been living with Jimmy at the time of conception. The child was born March 24, 1975, 4 months and 11 days after the decree was signed.

The motion to modify was filed December 10, 1975, after the term at which the dissolution was decreed. On March 24, 1976, pursuant to agreement, the cause was set for hearing on May 14, 1976. On that day, Jimmy moved for dismissal on the grounds that the decree had become final and the time for appeal had gone by. This motion was overruled.

The trial court stated default dissolution hearings in his court are not reported where the petition contains an allegation of no children. The trial court further stated that his notes indicated the petitioner, Jimmy, testified there were no children born of the marriage. The court ruled that whether or not the plaintiff misled the court or may have made a fraudulent statement gave a court of equity an opportunity to reopen the case after term and he did so.

After hearing, the court determined that under section 25-2001, R. R. S. 1943, for irregularity in the

proceeding and also under general equity powers, the relief requested by Stella should be granted.

The only issue discussed in appellant's brief is the authority of the court to modify the decree after term time. Section 42-364, R. S. Supp., 1976, provides in part as follows: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in court custody if their welfare so requires. Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court when required after notice and hearing."

We are specifically concerned herein with the sentence: "Subsequent changes may be made by the court when required after notice and hearing." It is evident the intent of the statute is to provide for the custody and welfare of children. Changes covering minor children of the marriage may be made at any time.

The child, who was in ventre sa mere, was not mentioned or considered in the decree. He was born 4 months and 11 days after the decree was entered. The court's attention should have been directed to the pregnancy of the wife. The court specifically found this was not done. The proper procedure when a wife is pregnant is to call the court's attention to the future birth of a child, but to reserve the question of support for the child until after his birth. We interpret section 42-364, R. S. Supp., 1976, to authorize the court to make subsequent changes in the decree to cover children conceived during a marriage but born after the divorce.

Stella testified that Jimmy had been informed that she was pregnant and this testimony is undisputed in the record. Jimmy's main thrust was to endeavor to throw doubt on the paternity of the child. The

trial court had sustained appellant's request for blood testing on January 23, 1976. Jimmy, however, had failed to make arrangements for the tests and when he moved for a continuance on May 14, during the trial, for an additional 30 days, the trial court properly denied the request. Jimmy had had 4 months to set up the necessary appointments. It would have been an abuse of discretion to delay the matter further.

Section 42-377, R. R. S. 1943, provides that in every case the legitimacy of all children conceived before the commencement of the suit shall be presumed until the contrary is shown. In Ford v. Ford, 191 Neb. 548, 216 N. W. 2d 176 (1974), we held: "Legitimacy of children born during wedlock is presumed and this presumption may be rebutted only by clear, satisfactory, and convincing evidence and the testimony or declaration of a husband or wife is not competent to bastardize a child born during wedlock." Jimmy had the affirmative on this issue. He attempted to meet the burden by innuendo. There is not one iota of proof in the record to meet this burden.

The trial court properly exercised jurisdiction herein. The judgment is affirmed. Appellee is allowed $300 to be taxed as costs for the services of her attorney in this court.

AFFIRMED.