Kevin L. Cline, appellant, v. Cynthia J. Cline,
appellee.

264 N. W. 2d 680

Filed April 19, 1978. No. 41331.

Richard E. Gee, for appellant.

Gwyer Grimminger, for appellee.

Heard before White, C. J., Spencer, Boslaugh,
McCown, Clinton, Brodkey, and White, JJ.

McCown, J.

Cynthia J. Cline filed a motion to modify the de-
cree in a divorce proceeding by changing the cus-
tody of the minor child of the parties from her hus-
band, Kevin L. Cline, to her. The District Court
modified the divorce decree; placed physical cus-
tody of the child in the wife; provided for child sup-
port; and granted specified visitation rights to the
husband. The husband has appealed.

Kevin L. and Cynthia J. Cline were married No-
vember 7, 1971. They had one daughter, Heather,
who was born July 11, 1974. The parties separated
in September 1975, and the husband filed a petition
for divorce in October 1975, praying that custody and
control of the child be placed in him with reasonable
visitation rights "to be arranged through the par-
ties." His wife was not represented by counsel but
signed a voluntary appearance prepared by his law-
yer which was filed in the divorce proceeding. The
divorce petition was set for hearing in the District

Court on December 17, 1975. The husband appeared with his attorney but the wife did not appear at the trial. The husband was the only witness. The court then entered a default decree dissolving the marriage; granted the custody of the child to the husband subject to the right of reasonable visitation; and awarded each party the property then in his possession.

On January 19, 1976, the wife filed a motion to modify the divorce decree on the ground that her husband had orally assured her that if she did not "cause any problems" he would see that she got custody of the child. The motion alleged that the wife would have appeared with counsel and contested the right of custody at the hearing of December 17, 1975, but for the fact that she relied on the promises of her husband. The motion was set for hearing on February 5, 1976.

Basically the testimony of the wife at the hearing in February was that her husband had promised to give her custody of the child after January 1, 1976, by which time he expected to have been settled in Lincoln, Nebraska, where he had moved sometime before the December 17, 1975, trial. She was convinced that there was no necessity to appear at the trial on December 17, 1975. Her husband denied that he had ever promised her custody of the child, but conceded that he had told her on December 16, 1975, that he would rather have her go to court the next day instead of him, but he said he was only joking. He conceded that custody of the child had been discussed on several occasions before the trial, but testified that he did not "come right out and tell" his wife she could have custody of Heather, and he did not think he had implied to her that she could have custody. All the witnesses agreed that both the husband and the wife were fit and proper parents and could and would take proper care of the

child, who was approximately a year and a half old at the time of the divorce proceedings.

At the conclusion of the hearing on February 5, 1976, the District Court took the matter under advisement pending receipt of a report from the welfare department.

On August 8, 1976, a further hearing was held by the District Court on the motion for modification. The evidence at that hearing showed that both husband and wife had remarried in June 1976; that both were employed; and that both had established homes which would be suitable for caring for Heather. There is virtually no dispute in the record that both parties are fit and proper persons to have the custody of the child. The evidence also established that they had been sharing custody of Heather during the pendency of the proceedings, but both agreed that it was not good for the child to shift her back and forth.

At the conclusion of the August hearing the court found it was in the best interests of the minor child that the decree of divorce be modified. The court retained legal custody of the child and granted physical custody to the wife until further order of the court; ordered the husband to pay $85 per month child support; and provided for specified visitation rights to the husband. The court stated for the record that the court was convinced the wife thought she would have custody of the child after January 1, 1976, by the agreement with her husband, and that the only reason she did not appear at the divorce hearing on December 17, 1975, was she did not feel it was necessary for her to be in court.

It is the position of the husband that the divorce decree of December 17, 1975, is res judicata and not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree, and that there was no such

change here.   See Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542.

In Bartlett v. Bartlett, 193 Neb. 76, 225 N. W. 2d 413, this court held that the discovery of material facts which existed but were unknown to the court and the opposing party and could have not been ascertained with reasonable diligence, which, if known to the court, might have warranted the entry of a different decree, are changed circumstances which the court will consider in an application for a change of child custody.

Perkins v. Perkins, 198 Neb. 401, 253 N. W. 2d 42, supports the conclusion that when a party obtains a divorce by default and fails to bring to the court's attention matters concerning children and custody that the court should be aware of, subsequent discovery of those facts constitutes a material change of circumstances.

The judicial focus in cases such as this has been on what the trial court actually knew at the time of entry of the custody decree and not on what the parties knew or should have known which was not produced at the time of trial.   This court has continually adhered to the principle that the best interests of the child are the governing considerations in determining custody.   Modern authority supports the view that where facts affecting the custody and best interests of children existing at the time of the decree awarding custody are not called to the attention of the court, and, particularly in default cases, where the issues affecting custody have not been fully tried, the court, upon a proper motion for modification, may consider all facts and circumstances, including those existing prior to and at the time of the judgment or decree, in making a subsequent determination of custody.   See, Annotation, 9 A. L. R. 2d 623; Warren v. Warren, 191 N. W. 2d 659 (Iowa, 1971); Stewart v. Stewart, 86 Idaho 108, 383 P. 2d 617.

The Annotation in 9 A. L. R. 2d 623, at page 626,

states: "Modification of custody awards upon a showing of facts prior to the decree not presented to the court has frequently been allowed where the facts relied upon are that one of the parties, by fraud, misrepresentation, or duress, has induced the other party to permit an uncontested decree and custody award to be entered." In the case before us the facts establish sufficient misrepresentation and misunderstanding to place the case within the ambit of that rule also.

The argument that there was no material change in circumstances occurring subsequent to the entry of the decree awarding custody also ignores the fact that there were two evidentiary hearings in this case before the entry of the order of modification. The evidence at the second hearing established that both husband and wife had remarried and both husband and wife had changed residences and had established new homes. Custody of the child had been transferred back and forth on a substantially equal division of time, which both parties agreed was probably not good for the child. The evidence introduced at both hearings on the motion to modify all tended to establish facts which were unknown to the court at the time the divorce decree awarding custody was entered. The evidence was, therefore, admissible and properly considered by the trial court, regardless of whether or not it was known or available to the parties at the time of the entry of the original decree awarding custody.

The District Court did not abuse its discretion in modifying the divorce decree as to custody in the best interests of the child. The court's action is supported by the evidence in the record. The judgment of the District Court was correct and is affirmed.

AFFIRMED.