JUDY ANN ROEBUCK, APPELLEE, v. GERALD DEAN FRAEDRICH, APPELLANT.

267 N. W. 2d 759

Filed July 19, 1978. No. 41585.

Herbert M. Sampson, III, for appellant.

Kenneth W. Payne, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

414

CLINTON, J.

This is an appeal from a determination made in the District Court for Box Butte County under the provisions of sections 13-101 to 13-112, R. R. S. 1943, of the paternity of a child allegedly born out of wedlock. The jury determined that the defendant was the father of the child and the court made an order for support and for medical and hospital expenses. The father appeals to this court. The sole issue on appeal is whether the plaintiff mother is a competent witness on the issue of the child's parentage.

The issue arises from the agreed circumstance that the plaintiff mother was married to one Gary Roebuck from March 23, 1974, to January 29, 1976. A petition for dissolution of marriage was filed on March 25, 1975. A decree of dissolution was entered on July 29, 1975, which became final on January 29, 1976. The plaintiff testified that the child was conceived as a result of sexual relations between the plaintiff and the defendant in this case during the period February 4, 1975, to March 28, 1975. She testified that during that period of time she was living apart from her husband and did not have sexual relations with him or any other man save the defendant. The child was born December 24, 1975. Thus the child was conceived and was born while the legal relationship of marriage still existed between the plaintiff and Roebuck.

To sustain his position defendant relies upon the holdings of this court in Ford v. Ford, 191 Neb. 548, 216 N. W. 2d 176, and Perkins v. Perkins, 198 Neb. 401, 253 N. W. 2d 42, in which we said legitimacy of children born during wedlock is presumed and this presumption may be rebutted only by clear, satisfactory, and convincing evidence and *the testimony of a husband or wife is not competent evidence on which to support the illegitimacy of a child born during wedlock.*

Both the above-cited cases were actions between

husband and wife for dissolution of marriage and the husband in each case made claim he was not the father of a child for which support was sought. The defendant seeks to apply our declaration on the competency of witnesses in those cases to this paternity action between persons not married to each other.

The plaintiff, in support of her position that she is a competent witness on the issue, relies upon the provisions of section 13-112, R. R. S. 1943, which specifically provides: "The alleged father and the mother shall be competent to testify." She also contends that in any event the holdings of this court in the two cited cases has been changed by statute, viz., section 27-601, R. R. S. 1943, of the Nebraska Rules of Evidence which provides: "Every person is competent to be a witness except as otherwise provided in these rules." The rules do not seem to contain any exception which would apply to this case. Neither does L. B. 279, Laws of 1975, which enacted the Rules of Evidence, purport to repeal or amend section 13-112, R. R. S. 1943.

L. B. 279, Laws of 1975, did repeal our former statute pertaining to competency of witnesses, to wit, section 25-1201, R. R. S. 1943. See comment to Rule 601, Article 6, p. 2, The Nebraska Rules of Evidence, 1975, Nebraska Continuing Legal Education, Inc.

The rule stated in Ford v. Ford, *supra,* and Perkins v. Perkins, *supra,* has its origin in ancient judicially made public policy, Goodright v. Moss, 2 Cowp. 591, 98 Eng. Rep. R. 1257 (1777), and has been to some extent preserved in the marriage dissolution act, section 42-377, R. R. S. 1943, which provides: "Children born to the parties, or to the wife, in a marriage relationship which may be dissolved or annulled pursuant to sections 42-347 to 42-379, shall be legitimate unless otherwise decreed by the court, and in every case the legitimacy of all children conceived before the commencement of the suit shall be presumed until the contrary is shown."

We hold that the provisions of section 13-112, R. R. S. 1943, are applicable and govern this case for that section is part of a special act applicable to the particular problem. The same would appear to be true of section 42-377, R. R. S. 1943. These sections would not appear to be impliedly repealed by section 27-601, R. R. S. 1943, for the reason that where general and special acts come in conflict, the special law will not be repealed by general provisions unless by express words or necessary implication. Jackson v. Board of Supervisors of Washington County, 34 Neb. 680, 52 N. W. 169; Bass v. County of Saline, 171 Neb. 538, 106 N. W. 2d 860. The rule stated in Ford v. Ford, *supra,* and Perkins v. Perkins, *supra,* is applicable only to actions between husband and wife.

AFFIRMED.