REQUESTED BY: Senator William E. Nichol Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Nichol:
You have asked our opinion on certain questions relating to LB 515. The question you specifically ask is whether local governments with budgets of less than $5,000 are exempt from the provisions of Neb.Rev.Stat. § 77-3412 through77-3432.01 (Supp. 1980). You point out in your letter that LB 515 specifically provides that by way of an amendment to § 77-3423 (Supp. 1980) that the provisions of the Political Subdivision Budget Limit Act shall not apply to political subdivisions having a combined receipts budget base of less than $15,000. You point out that § 77-3423 (Supp. 1980) now provides that:
 No governing body of any political subdivision shall adopt a budget statement pursuant to section 23-925, or pursuant to the charter or ordinances of a city with a home rule charter, in which the anticipated combined receipts for the ensuing fiscal year exceeds an increase of seven per cent above the combined receipts budget base.
You further point out that Neb.Rev.Stat. § 23-925 (Reissue 1977) does not require the filing of a computation by governing bodies which have a budget of less than $5,000 per year.
The implication raised by a potential reading of the two sections is that governing bodies of entities having a budget of less than $5,000 a year are exempt from the seven percent lid on their budgets.
We do not believe that that was the intention of the Legislature in adopting the Political Subdivision Budget Limit Act of 1979. We believe the legislative history of this and its predecessor act clearly showed an intention on the part of the Legislature to restrict all governmental subdivisions to an increase of seven percent from one year to the next in the amount of their budget. We would point out to you that § 77-3415 applies the definition of governing body as it is contained in § 23-922 (Reissue 1977) which generally defines the governing body for all practical purposes of every subdivision of government. No exclusion is contained in that definition based upon the amount of the budget for the particular subdivision.
We, of course, must state that this conclusion is not without doubt. However, in construing statutes certain principles are applicable. The budget act is designed and intended to facilitate, according to § 23-921, the amount of information that is provided to the public on budgets of local governmental subdivisions. The Political Subdivision Budget Limit Act of 1979, on the other hand, is an act designed to limit the increase in funding for governmental budgets to a stated annual amount. We do not believe that these statutes are in pari materia. While they treat the same general area of budgets, one deals with the method of disclosure and a method of filing certain reports concerning the budget and the other specifically deals with the amount that may be budgeted. We believe the latter is more specific in the area of limitation and would control over the more general act relating to budgets of all political subdivisions and the method in which they are compiled and reported.See, Roebuck v. Fraedrich, 201 Neb. 413,276 N.W.2d 759 (1978). Generally the later act will control over the earlier act.
In sum, it is our view that under the current existing statutes governmental subdivisions with budgets of less than $5,000 are not exempt from the Political Subdivision Budget Limit Act of 1979, §§ 77-3412, et seq. (Supp. 1980).
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General