JOHN A. HELTER, APPELLANT, V. MARGARET E. WILLIAMSON, APPELLEE.

478 N.W.2d 6

Filed December 27, 1991.    No. 91-371.

Brian R. Watkins for appellant.

Beth Tallon, of Legal Services of Southeast Nebraska, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Appellant, John A. Helter, alleges that he is the biological father of Kristopher Charles Williamson, born in Riverside, California, on October 18, 1988, to appellee, Margaret E.

Williamson. From the time of Kristopher's conception and birth through the present, Williamson has been married to Tracy Williamson.

Helter and Margaret Williamson cohabited for 7 months in California, commencing in December 1988, and separated in July 1989, because the family became homeless. Helter took Kristopher with him to his parents' home, and Margaret Williamson took her son from her marriage to Tracy Williamson with her to stay with a friend.

Shortly thereafter, Helter and Kristopher moved to Lincoln, where Helter had found employment. Margaret Williamson moved to Iowa to live with her parents. Helter took Kristopher to Iowa to see Margaret Williamson once, shortly after her arrival in Iowa. She did not assist in Kristopher's financial support; however, she testified to making several phone calls to Lincoln. She was unable to visit Kristopher again because she did not have access to a car, nor did she even possess a driver's license. A few months later, Margaret Williamson attempted to remove Kristopher while he was in the care of Helter's aunt.

The district court awarded Margaret Williamson custody of Kristopher, as well as ordering Helter to pay $75 per month in child support. Helter assigns the following errors: (1) that the judgment of the trial court is contrary to the evidence and facts adjudged at trial; (2) that the judgment of the trial court is contrary to the law relative to awarding custody of minor children born out of wedlock; (3) that the trial court erred in failing to make a factual finding of the fitness or unfitness of the appellant to be the custodial parent, as required by decisions of the Nebraska Supreme Court; (4) that the trial court erred in failing to state in its order reasons why the best interests of the child required a change of placement from appellant to appellee; and (5) that the trial court erred in changing custody of the minor child from the appellant to the appellee without a showing of a change in circumstances or compelling facts favoring a change of custody in the best interests of the minor child.

Due to our disposition of this matter, we do not address appellant's assignments of error, nor do we comment on the merits of his appeal.

A common tenet of both American and English common law is the premise that the legitimacy of children born during wedlock is presumed, and this presumption may be rebutted by clear and convincing evidence; the testimony or declaration of a husband or wife is not competent to bastardize a child. See, *Perkins v. Perkins*, 198 Neb. 401, 253 N.W.2d 42 (1977); *Ford v. Ford*, 191 Neb. 548, 216 N.W.2d 176 (1974); Neb. Rev. Stat. § 42-377 (Reissue 1988); *Goodright v. Moss*, 98 Eng. Rep. 1257, 2 Cowp. 591 (1777).

Although the parties do not dispute Kristopher's parentage, he is presumed to be an issue of appellee's marriage to Tracy Williamson absent clear and convincing evidence to the contrary. Notice of the proceedings and opportunity to appear must be served upon Tracy Williamson. We have held:

> " ' "Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy, but also have an interest of such a nature that a final decree cannot be made without affecting their interests, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. . . ." ' "

*Koch v. Koch*, 226 Neb. 305, 312, 411 N.W.2d 319, 323 (1987).

We are cognizant of the fact that notice, the ensuing rehearing, and the inevitable delay in the resolution of this case will not aid in serving Kristopher's best interests.

However, the presumption that children born during the marriage are rebuttably deemed to be legitimate is a tenet of our common law that perseveres for reasons that are as sound today as they were in the 18th century. The presumption prevents nonparents from arriving on the scene, either during or after the marriage, and staking claims, parental visitation rights, and responsibilities without the knowledge or consent of the true parent.

The judgment is reversed and the cause remanded with directions to join Tracy Williamson as an indispensable party to this action.

REVERSED AND REMANDED WITH DIRECTIONS.