LEONARD LAUTENSCHLAGER, JR., APPELLEE, v. PEGGY JEAN LAUTENSCHLAGER, APPELLANT.

272 N. W. 2d 40

Filed November 29, 1978. No. 41664.

Thomas A. Wagoner, for appellant.

James A. Kelly of Kelly, Kelly & Kelly, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from the findings and order for child custody in a decree of dissolution of marriage entered by the District Court for Hall County, Nebraska.

The action originated with a petition for dissolution of marriage filed by Leonard Lautenschlager, Jr., appellee, against Peggy Jean Lautenschlager, the appellant. Both in the petition and in the responsive pleadings, the parties alleged that appellant was a fit person to have custody of the parties' only child, Lonnie Lautenschlager, then nearly 4 years of age. Later by stipulation, the parties agreed that appellant should have custody and support in the amount of $100 per month. At the hearing, both parties testified in accordance with the pleadings and the stipulation. At the conclusion of appellant's testimony in chief, the trial court made inquiry concerning the receipt of ADC payments by the appellant. The appellant made a false answer to a question about the date she had received her last payment. A check of the record was made and the answer was corrected, whereupon the trial court

stated: "The respondent, in the Court's opinion, lied to this Court and that certainly is not conducive for custody." In response to a question by the court, appellee stated that if he were granted custody, his mother would care for the child during the daytime, and he would look over his son at nights and on weekends. No further evidence on the subject appears in the record.

Appellant first contends the trial court did not have jurisdiction to make an order inconsistent with the pleadings and the stipulation of the parties. Section 42-364, R. S. Supp., 1976, provides, in part, as follows: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in court custody if their welfare so requires. Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court when required after notice and hearing.

"(1) In determining with which of the parents the children, or any of them, shall remain, the court shall consider the best interests of the children, which shall include, but not be limited to:

"(a) The relationship of the children to each parent prior to the commencement of the action or any subsequent hearing;

"(b) The desires and wishes of the children if of an age of comprehension regardless of their chronological age, when such desires and wishes are based on sound reasoning; and

"(c) The general health, welfare, and social behavior of the children."

The rule that custody and visitation of minor children shall be determined on the basis of their best interests, long established in case law and now specified by statute, clearly envisions an independent inquiry by the court. The duty to exercise this re-

sponsibility cannot be superseded or forestalled by any agreements or stipulations by the parties. It continues throughout the period of the minority of the child even without objections or requests on the part of the parents. Stipulations and agreements, when made, are subject to the approval of the court, which may be granted or denied according to the best interests of the child. Appellant's contention in this respect is not well-taken.

Appellant's second contention is that the record does not contain sufficient evidence to support the findings and order by the trial court. The evidence, shown in the record, relates only to the parties and not to the child. It does not contain any basis for the consideration by the court of the relationship of the child to each parent nor the general health, welfare and social behavior of the child as mentioned in section 42-364, R. S. Supp., 1976, (1) (a) and (c). Evidence concerning these matters must appear in the record. Personal observations by the court are not sufficient to support findings. Jorgensen v. Jorgensen, 194 Neb. 271, 231 N. W. 2d 360. In cases where the trial court concludes that a stipulation should not be approved, an opportunity should be given to the parties to secure and to present evidence relevant to a complete reexamination of the question of custody and the best interests of the child. In the present case, the findings and order for custody are vacated and the cause is remanded for hearing in accordance with this opinion.

The remainder of the decree of dissolution of marriage shall be and remain in effect from the date thereof.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.