MICHAEL G. DEACON, APPELLEE, V.
KRISTENA LEE DEACON, NOW KNOWN AS
KRISTENA LEE KLINE, APPELLANT.

297 N.W.2d 757

Filed October 10, 1980. No. 42775.

Charles I. Scudder for appellant.

Richard M. Fellman for appellee.

Heard before WHITE and MCCOWN, JJ., and COL-WELL, STANLEY, and SPRAGUE, District Judges.

STANLEY, District Judge.

The appellant, Kristena Lee Kline, formerly Deacon, has appealed from an order of the trial court on her application for specific visitation privileges with her two minor children.

The appellee had been granted a divorce from the appellant on November 2, 1971, on the ground of extreme cruelty. Two children are the issue of that marriage, Michele Leann, age 5, and Marnie Lynn, age 2, at the time of the divorce. The parties stipulated to the terms of the divorce that awarded custody of the children to the father with extended visitation rights to the mother.

Subsequent to the divorce, a dispute arose as to the frequency and duration of visitation privileges. On November 15, 1977, appellant petitioned the trial court for modification of the decree pertaining to custody. On May 5, 1978, after a hearing on appellant's application for modification, the trial court entered an order retaining the reasonable visitation privileges in the divorce decree, and further found that specific visitation should be allowed every fourth Sunday from noon until 5:30 p.m. away from the homes of the appellant and appellee, subject to the requirement that the minor children should, in every instance, consent to the visitation. Thereafter, the appellant filed an application alleging a change in circumstances of her visitation with her children, and that the court's order was not in the best interests of the children. She further requested the court to appoint a guardian ad litem to represent the interests of the children, and for the court to appoint a psychologist. The court declined to appoint a guardian ad litem but took no action on the request for a psychologist and, upon appellee's answer to the application, a hearing was held. Prior to a ruling by the court, the appellant filed an objection and motion for the court to disqualify itself and to declare a mistrial. The motion was heard on April 5, 1979, and overruled. On April 19, 1979, the court entered an order denying

appellant's request for specific visitation privileges, and ordered the appellant and the children to attend psychological counseling. The psychologist was to be agreed upon by the parties or, in the event they could not agree, the court would appoint one. The court also ordered that the appellee need not attend counseling unless requested to do so by the psychologist. As a part of the order, the court denied each party's application for attorney fees and costs.

Appellant moved for a new trial on the court's ruling. Appellee requested a new trial on the issue of attorney fees. While the motions were pending, the appellant requested the court to appoint a psychologist, and appellee requested child support from the appellant. The trial court overruled the respective motions for a new trial, declined to appoint a psychologist, and deferred the matter of child support. Appellant appeals to this court, assigning as error: (1) The court abused its discretion when it gave a psychologist power to determine the nature and extent of visitation between appellant and her children; (2) The court erred in denying appellant's right to visitation from the evidence submitted; (3) The court erred in refusing to disqualify itself and to declare a mistrial; and (4) The court erred in failing to sustain appellant's motion for appointment of a guardian ad litem.

Appellant claims that the trial judge should have disqualified himself and declared a mistrial. The basis for the request was that appellee's attorney had sent to the court a personal letter received by him from the appellee. The showing made by appellant fails to come within the provisions of Neb. Rev. Stat. § 24-315 (Reissue 1979). Also, in an equity suit, denial by the District Court of disqualification is immaterial on appeal since the case is tried de novo in the reviewing court. *Lippincott v. Lippincott,* 144 Neb. 486, 13 N.W.2d 721 (1944). The discretion of the trial judge in refusing to disqualify himself and to declare a mistrial was not an abuse of discretion.

As to appellant's contention that the trial court should have appointed a guardian ad litem for the minor children, the District Court, in its discretion, may appoint an attorney to protect the interests of any minor children of the parties. Neb. Rev. Stat. § 42-358 (Reissue 1978). The limits on the discretion must evolve case by case. *Pieck v. Pieck*, 190 Neb. 419, 209 N.W.2d 191 (1973). Upon a de novo review of the issue presented to us, we find there was adequate representation by counsel for the parties and an independent investigation by the trial court. These factors, together with the court's continuing jurisdiction over the minor children, adequately protect the children's interests and render unnecessary the extra expense and delay. *Ford v. Ford*, 191 Neb. 548, 216 N.W.2d 176 (1974). There is no error in the trial court's refusal to appoint a guardian ad litem.

In cases involving determination of visitation privileges of a parent with minor children, findings of a trial court, both as to the evaluation of the evidence and as to the matter of visitation privileges, will not be disturbed on appeal unless there is a clear abuse of discretion or the findings are contrary to the evidence. Such findings are subject to review by this court de novo on the record. *Casper v. Casper*, 198 Neb. 615, 254 N.W.2d 407 (1977).

Although the trial court awarded the divorce on the basis of acts which occurred in 1971, it determined custody and visitation as specifically negotiated by the parties. We must, therefore, consider the change in circumstances of the visitation privileges since the divorce.

Appellant claims that shortly after the divorce she began experiencing difficulties in arranging the frequency and duration of her visitation rights in that appellee refused to allow her to have the children for a full day and, after setting up visitation periods, he would abruptly cancel them or fail to have the children available. Also, while denying her extended visitation,

he customarily allowed the children to stay with their paternal grandparents in Michigan for a period of 4 to 6 weeks each summer. Thus, by his actions, appellee always decided if and when the mother would have access to her children. That, by a combination of appellee's actions and the pending court order, she has not had personal visitation with her children since December 1977. All these factors are alleged as being contrary to the visitation provisions of the divorce decree.

Appellant alleges as changes in circumstances that she has remarried and established a suitable home and that she and her husband love the children and can provide for their emotional, physical, and financial needs during visitation periods. Further, as a fit and proper person, she is entitled to reasonable visitation rights as granted in the decree of divorce.

Appellee responds by stating he has had full-time care of the children since the divorce in 1971, and the children today have very little actual relationship with their mother; that the children have frequently indicated a lack of desire to visit with their mother and have relayed their feelings of unhappiness following visitation with the appellant and her husband. He further states that the appellant has lost touch with the children but continues to try to force their affection which results in placing a strain on the children that is dangerous to their welfare. Appellee admits that since December 1977 he has not required the children to visit their mother, but has left that decision up to them.

A psychologist testified that he had known the appellant for several years and on occasion had observed the children with the appellant. As a friend, and not on a professional basis, he viewed the relationship as normal. Based on his knowledge of the sequence of events that have occurred, it was his opinion that the children should be exposed to their mother in her home so that a relationship could be established. A pastor of

the church parish, where the appellee and children attend, stated he was aware of the visitation problem. The children had told him they did not want to visit their mother, and he advised appellee to abide by the children's wishes. A psychologist evaluated both children, Marnie Deacon, at age 10, and Michele Deacon, at age 12. His summary and recommendations were that both children were normal; that their present home was a pleasant and happy place, while appellant's home was an unpleasant place to visit; that he would not recommend forcing the children to visit their mother at this time because it would further alienate them; and that attitudes can be changed and it might be possible to help the children develop better attitudes toward their mother with the eventual outcome of establishing fruitful visitation. In order to accomplish this, the appellant and her husband would have to change their behavior toward the children and that might require counseling on their part.

Appellee asserts that visitation was not terminated by the trial court, but a condition to visitation was ordered for the benefit of the children. He cites a principle that visitation privileges are created to promote the best interests of the child and, for this reason, visitation rights must not be viewed merely as a privilege of a parent, but as a right of the child. He contends that his is an "exceptional case" and, as such, there was sufficient evidence for the trial court to hold that the best interests of the children required prior counseling before visitation could be undertaken. Appellant contends that under the present court order she would be bound to participate in counseling with her children for an indefinite time in the future in an effort to change the attitudes of the children toward her or to change her behavior to satisfy the children. During this time, she would not have personal visitation with her children until the psychologist gave his approval. If no approval were given, there would be no recourse for any further judicial assistance in protecting her

right to visitation since, by the terms of the court order, the psychologist would have the last word on the matter.

The issue that we have to decide is whether it is in the best interests of the children for the court to establish specific visitation rights, if warranted, without the prior approval of a psychologist or third party.

On de novo review, the evidence before the trial court has been carefully examined. Both parties presented evidence which relfected unfavorably on the other. Some of the evidence was in sharp conflict. However, the record does support the conclusion that the minor children have no desire at this time to resume visitation with their mother and that the appellee accedes to the children's wishes and does not enforce visitation. It is also quite evident that the appellant's persistent attempts to have visitation with her children is testimony of her interest in them. Evidently, the trial court, from the record, felt it was in the best interests of the children that counseling be had between the children and appellant as a prerequisite to future visitation.

The main stumbling block appears to be the attitude of the parties. While the children have shown no present desire to visit the appellant, this is not an irreversible situation that could not be corrected by the proper attitude of the parents. The parties apparently have gone through some difficult times and their bitterness toward each other is understandable. However, visitation or the denial thereof should not be made to appease one parent or punish the other. Such right to visitation should be allowed or denied according to what is best for the children.

Neb. Rev. Stat. § 42-364(1) (Reissue 1978) provides, in part, that the court shall consider the desires and wishes of the children, if of an age of comprehension regardless of their chronological age, when such desires and wishes are based on sound reasoning, and the general health, welfare, and social behavior of the children. The evidence shows that the relationship between

the children and their father is good, while their relationship with their mother is somewhat less at the present time. The evidence does not reflect that either parent is unfit to have custody or visitation privileges, considering the age of the children.

The rule is well established that the right of access to one's children should not be denied unless the court is convinced such visitations are detrimental to the best interests of the child. In the absence of extraordinary circumstances, a parent should not be denied the right of visitation. *Syas v. Syas*, 150 Neb. 533, 34 N.W.2d 884 (1948).

At this time, Michele Leann, age 14, and Marnie Lynn, age 11, while certainly not in need of infant care, still need to know the love of both parents.

We are not convinced the best interests of the children are served by letting them grow up under the exclusive influence of their father and his attitude without even a chance to establish a meaningful relationship with their mother.

Appellee's position that visitation rights should be at his discretion, as in his judgment shall be reasonable and proper for the best interests of the children, is erroneous and cannot be sustained. His contention that the children do not desire visitation with their mother does not alter the situation in view of his opportunity to have conditioned the children against seeing their mother.

The finding and order of the trial court that counseling is needed is in accordance with the evidence and is not an abuse of discretion. However, that portion of the trial court's order placing in a psychologist the authority to effectively determine visitation, and to control the extent and time of such visitation, is not the intent of the law and is an unlawful delegation of the trial court's duty. Such delegation could result in the denial of proper visitation rights of the noncustodial parent.

We believe the evidence supports an award by the trial court of visitation privileges to appellant inde-

pendent of a psychologist's consent or approval. The responsibility of the trial court to determine questions of custody and visitation of minor children according to their best interests is an independent responsibility and cannot be controlled by the agreement or stipulation of the parties. *Lautenschlager v. Lautenschlager*, 201 Neb. 741, 272 N.W.2d 40 (1978). The reasoning in that case can be extended to third parties without violating the principle involved.

We conclude the best interests of the children will be served if appellant is given visitation rights in conjunction with appropriate counseling. Appellee is a good father and devoted to the children. We trust he will see the importance of preparing the children properly for the visits, and he, as well as the children, should make an effort toward establishing a meaningful relationship with appellant.

It is only practical to acknowledge that the attitude of the minor children, now young adults, will determine to a large extent whether a meaningful relationship with their mother can be achieved. Regardless of the children's attitude, present or future, the appellant has the right to an opportunity to establish such relationship with her children. For the good of all concerned, every effort should be made to make the visitations as pleasant as possible. All parties stand to gain from a less hostile relationship.

Attorney fees were not awarded by the trial court and we do not disturb the discretion of the trial court in that regard.

We reverse the order of the District Court and remand this matter with directions to award specific visitation privileges to the appellant, with concurrent counseling of all parties.

REVERSED AND REMANDED WITH DIRECTIONS.