VIRGINIA L. KOCH, APPELLANT, V. DENNIS E. KOCH, APPELLEE.

361 N.W.2d 548

Filed February 8, 1985. No. 83-601.

Sidwell & Shofstall, for appellant.

Nancy S. Freburg, for appellee.

KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and McCOWN, J., Retired, and BUCKLEY, D.J.

BUCKLEY, D.J.

The parties to this action were divorced by decree entered September 10, 1980. The appellant, Virginia Koch, now remarried and known as Virginia Heinrich, was awarded custody of the two children of the marriage, Stephanie L. Koch, now 15 years old, and Jered E. Koch, now 10 years old, subject to reasonable rights of visitation by appellee, Dennis Koch, also now remarried.

About 2 years after the decree of dissolution, Virginia petitioned to modify the decree to terminate any right of visitation, having already in fact denied Dennis any visitation. Dennis in turn petitioned to modify the decree to change custody of the children from Virginia to him, and have Virginia adjudged in contempt for her denial of his visitation rights.

On September 30, 1982, the trial court by a temporary order granted Dennis specific visitation to have the children from noon Saturday until 6 p.m. on Sunday every weekend.

Following trial of all issues together, the trial court denied all petitions of both parties but did modify the decree to set out specific visitation rights of Dennis and other conditions designed to foster the relationship of the parties with their children as custodial and noncustodial parents.

Only Virginia filed a motion for new trial, which was overruled; therefore, the only issue raised on appeal is whether the trial court should have modified the decree to terminate Dennis' rights of visitation.

In cases involving determination of visitation privileges of a parent with minor children, findings of a trial court, both as to the evaluation of the evidence and as to the matter of visitation privileges, will not be disturbed on appeal unless there is an abuse of discretion or the findings are contrary to the evidence. Such findings are subject to review by this court de novo on the record. *Deacon v. Deacon*, 207 Neb. 193, 297 N.W.2d 757 (1980); *Casper v. Casper*, 198 Neb. 615, 254 N.W.2d 407 (1977).

The right of access to one's children should not be denied

unless the court is convinced such visitations are detrimental to the best interests of the child. In the absence of extraordinary circumstances, a parent should not be denied the right of visitation. *Deacon v. Deacon, supra; Syas v. Syas*, 150 Neb. 533, 34 N.W.2d 884 (1948).

At the time of the decree the relationship of the parties was, to say the least, very strained—epitomized by Virginia's testimony that after the final hearing and as they were preparing to leave the courtroom, Dennis threatened her life. Their relationship deteriorated from there.

In January 1981 Virginia began living with Richard Heinrich, which lasted until they married in July 1982. The animosity between Heinrich and Dennis was obvious from the plethora of accusations and corresponding denials between Heinrich and his brother and Dennis and his father, respectively. It would serve no purpose to detail the multitude of events. Suffice it to say that it involved verbal and physical confrontations between the opposing sides that continued to the time of trial.

All of this gradually had its effect on the children and their visitation with their father. Initially, the children were with their father at least every other weekend, but a pattern developed where more and more of Dennis' requests for visitation were refused for a variety of reasons until it was denied altogether before being restored by the temporary order.

Virginia's evidence was that Dennis harassed her and Heinrich and the children to enforce visitation to the point where the children no longer wanted to see their father, especially Stephanie. In June 1982 Jered began to have nightmares and to sleepwalk after visitation with Dennis. A clinical psychologist called by Virginia testified that continuing visitation under the existing circumstances would be detrimental to the children.

Dennis' evidence generally denied any responsibility for any confrontations with Heinrich or that anything he said or did had any adverse effect on the children. His psychologist felt that the children were well adjusted and that contact with both parents was necessary.

Both Stephanie and Jered testified in open court that they

did not want to visit with their father. At the end of the trial, the trial judge talked with each of the children privately in chambers.

It is obvious that these children are caught up in the ongoing battle between the Heinrichs and the Kochs. What is important is that there is ample evidence that Dennis, though guilty of some bad behavior in the presence of the children, is generally a fit, concerned, and caring father who wants a healthy relationship with Stephanie and Jered as a noncustodial parent.

The situation here is not unlike that in *Deacon v. Deacon, supra*, and what we said there is very apropos here:

> The main stumbling block appears to be the attitude of the parties. While the children have shown no present desire to visit the appellant, this is not an irreversible situation that could not be corrected by the proper attitude of the parents. The parties apparently have gone through some difficult times and their bitterness toward each other is understandable. However, visitation or the denial thereof should not be made to appease one parent or punish the other. Such right to visitation should be allowed or denied according to what is best for the children.

207 Neb. at 199, 297 N.W.2d at 761.

The desires of the children must be considered but are not controlling. The opportunity and motive of Virginia and Heinrich for influencing the children is obvious, especially considering that Heinrich wants to adopt them. In evaluating the general concept of the best interests and welfare of the child, it is settled and fundamental law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parties at the trial. *Koch v. Koch*, 209 Neb. 896, 312 N.W.2d 294 (1981).

The trial court in establishing specific visitation also imposed certain collateral requirements obviously designed to lessen the opportunity for further confrontation and harassment. Its decision cannot control the attitudes of all involved here—unfortunately, courts do not have that power—but it does give Stephanie and Jered a chance to establish a good and proper relationship with their father. This is in their best interests.

There was no abuse of discretion in the trial court's order and, therefore, it is affirmed.

AFFIRMED.