IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

IN RE INTEREST OF DARRION T.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF DARRION T., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

PATRICK T., APPELLANT, AND JORDAN B., APPELLEE.

Filed January 24, 2017.    No. A-16-400.

Appeal from the County Court for Buffalo County: JOHN P. RADEMACHER, Judge. Affirmed in part, and in part reversed and remanded with directions.

Brandon J. Dugan for appellant.

Mandi J. Amy, Deputy Buffalo County Attorney, for appellee State of Nebraska.

D. Brandon Brinegar for appellee Jordan B.

Tana M. Fye, guardian ad litem.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Patrick T. appeals from an order of the county court of Buffalo County, sitting as the juvenile court, overruling his objection to the visitation schedule. Upon our de novo review, because we find that the juvenile court erred in effectively delegating the frequency of visitation to Darrion's therapist, we reverse this portion of the order and remand the cause with directions for the court to specify visitation. Finding Patrick's remaining argument to be without merit, we affirm in all other respects.

BACKGROUND

Patrick is the biological father of Darrion, who was age 4 at the time this case began. On February 24, 2015, the State filed a petition alleging Darrion to be within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2014) for the reason that "[o]n or about February 22, 2015, (Darrion) was observed with bruising due to inappropriate or excessive discipline by his mother's live-in boyfriend, placing (Darrion) at risk for harm." On the same day of this petition, the State filed a motion for temporary custody. An ex parte order was entered on this day continuing temporary custody and placement of Darrion with the Nebraska Department of Health and Human Services.

At the time the petition was filed, the biological mother was the custodial parent, with Patrick receiving supervised visitation one day per month pursuant to a prior district court order. This arrangement had existed since approximately March or April, 2013. Darrion's paternal grandmother supervised visitation.

On March 4, 2015, a placement hearing was held, at which time both Patrick and the mother denied the allegations in the petition. The court held that it would be contrary to Darrion's welfare to return home, and continued temporary custody with the Department.

On April 20, 2015, an adjudication hearing was held, wherein the mother withdrew her previous denial and entered an admission. Patrick did not enter a further plea, apparently because the petition contained no allegations against him. The court adjudicated Darrion as a juvenile within the meaning of Neb. Rev. Stat. § 43-247(3)(a) and placed him in the custody of the Department. The Department was ordered to prepare a case plan and court report.

The Department initially placed Darrion in the custody of the paternal grandmother in North Platte, Nebraska. Approximately 6 weeks later, placement was transferred to the maternal grandmother, who resided closer to Kearney. This was done because the mother lived in Kearney, the move eased travel concerns, and the permanency goal throughout the case was reunification. This arrangement continued until around January 8, 2016, following the maternal grandmother giving notice that she would no longer act as placement. The Department then placed Darrion with an agency-based foster family in Hazard, Nebraska, which is close to Kearney.

Following the filing of this appeal, Darrion has been returned to his mother, and both parties acknowledge the issue of placement is moot. Therefore, the issue of placement will not be addressed further in this opinion.

On January 11, 2016, a review hearing was held at which time the court adopted the Department's case plan. Patrick objected to the visitation portion of this plan and expressed a desire to have weekly visitation with Darrion. A hearing was scheduled to address this objection.

On February 19, 2016, a hearing was held to address Patrick's objection to visitation under the case plan. Patrick called Annie Royle, a child and family services specialist with the Department, to testify. Royle served as the case manager since the present matter began. Royle testified that the Department opposed increased visitation for Patrick due to the recommendation from Darrion's therapist that therapeutic visits would need to occur before an increase in visitation "due to Darrion's response to his father, even in conversation." Specifically, the

therapist reported that Darrion's relationship with Patrick causes him stress, and Darrion disclosed fear of Patrick. Patrick denied that Darrion expresses fear during visitation. Rather, Patrick indicated that Darrion is happy, excited, and says he loves and misses Patrick during visits. Patrick stated that "there hasn't been one time he's shown fear, or anything like that, towards me."

Royle also testified about Patrick's criminal history since the case was opened. She noted that Patrick was charged with arson and terroristic threats, and pursuant to a plea, Patrick was convicted on the terroristic threats charge, a felony. Patrick also was convicted for two protection order violations. Patrick was incarcerated on two separate occasions since the opening of the case, initially for the arson and terroristic threats charges, and later for the protection order violations. Patrick admitted that his criminal record over the past three years included convictions for terroristic threats and two protection order violations, along with theft by unlawful taking.

During cross-examination of Royle, the guardian ad litem offered into evidence two letters from Darrion's therapist. Patrick objected, claiming that "when notice of this objection hearing was made, the Court ordered that all evidence be done through affidavits." Patrick also objected on the basis that he had not received a copy of the letters, and therefore lacked an opportunity to review them and plan a response. The court overruled the objection and received these letters into evidence.

These letters set forth the therapist's concerns regarding visitation. The therapist described Darrion as a child with "significant dissociative behaviors" based upon "early stress and likely neglect issues." Darrion was observed to become dissociative when discussing interactions with Patrick. Darrion expressed fear of living with the paternal grandmother based on concern that Patrick will visit, whom he considers to be "scary." The therapist noted that Darrion previously witnessed domestic violence between his parents, and verbalizes fear of Patrick.

The hearing concluded with the court continuing the matter to allow Patrick an opportunity to prepare and offer rebuttal evidence to the therapist's letters. The court specified that the continuation hearing would be "limited to anything that's responsive rebuttal to (the letters)."

On March 3, 2016, the matter came before the court for further consideration of Patrick's objection to visitation. Patrick's affidavit in support of the objection was received into evidence. Patrick claimed to be unaware of the concerns expressed by the therapist until the prior hearing. He stated that Darrion is always happy to see him during visits. Patrick expressed willingness to participate in "some therapeutic visits with Darrion if the Court feels that it is best for him," simply wanting to see his son more often.

Patrick argued for an increase in visitation, including therapeutic visits. The State, guardian ad litem, and mother all requested that Patrick's request for increased visitation be denied.

At the conclusion of the hearing, the court overruled Patrick's objection. The court expressed concern regarding Patrick's behavior over the past year, specifically his felony conviction and violation of protection orders. The court also noted that Patrick's current

visitation was based upon a district court order that was entered some time ago without any consideration of the current circumstances, including Patrick's criminal conduct in the past year. Based on the therapist's recommendations, the court ordered that Patrick shall be limited in his visitation rights to therapeutic visits until the therapist recommends that he can have visits outside of therapy. The court ordered that visits supervised by the paternal grandmother are be terminated at this time until further order of the court, finding that such visits are against Darrion's best interests based upon Darrion's "perceptions and his fears."

Patrick's attorney responded by requesting that the court specify the required number of therapeutic visits, but the court declined to set a specific number. The court stated that therapeutic visits would continue "[a]s long as the therapist recommends that they continue. I don't know if that's one. I don't know if that's two. I don't know if that's 10. And if, after a number of them occur . . . and you don't believe that they're necessary any longer, then you can address that with the Court." The court set a review hearing for April 13, 2016, approximately one month later.

On March 10, 2016, the court entered its written order. The court reiterated that "(Patrick's) visits with (Darrion) are limited to therapeutic visits . . . until (the therapist) recommends that visits should occur otherwise." Further, the court ordered "that (Patrick's) weekend visits in North Platte, Nebraska, supervised by the paternal grandmother are to cease immediately."

Patrick subsequently perfected this appeal.

## ASSIGNMENTS OF ERROR

Patrick argues, restated, that the district court erred in (1) leaving the amount, time, and manner of visitation within the discretion of Darrion's therapist, (2) restricting his rebuttal evidence to the form of affidavits at the March 3, 2016 hearing, and (3) denying his motion for a change in placement to the paternal grandmother. Patrick concedes in his brief that the issue of placement became moot following the placement of Darrion with the biological mother. Therefore, this court will not address the third argument further.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015). When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id*.

## ANALYSIS

### JURISDICTION

We first address the State's contention that this court lacks jurisdiction to consider this appeal. The State argues that the court's March 10 order was not a final, appealable order on the basis that no substantial legal right of Patrick's was affected. The State asserts that no substantial right was affected for the following reasons: (1) the order was simply an extension of prior

orders, which were not appealed; (2) the order did not substantially decrease visitation time, which had been supervised throughout the case; (3) the therapeutic visitation directive of the order was not permanent in nature; and (4) there existed means by which Patrick could increase visitation with Darrion, such as participation in prescribed services. The State also asserts that Patrick's relationship with Darrion was only briefly interrupted by the order, citing a review hearing that had been scheduled for April 13. Upon our review, we find that the court's March 10 order affected a substantial right belonging to Patrick, and therefore was appealable.

In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Octavio B.*, 290 Neb. 589, 861 N.W.2d 415 (2015). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *Id.* Among the three types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding. *Danaisha W. v. Dennisca W.*, 287 Neb. 27, 840 N.W.2d 533 (2013).

Juvenile court proceedings are special proceedings under Neb. Rev. Stat. § 25-1902 (Reissue 2008), and an order in a juvenile special proceeding is final and appealable if it affects a parent's substantial right to raise his or her child. *Octavio B., supra.* A substantial right is an essential legal right, not a mere technical right. *Octavio B., supra.* The substantial right of a parent in juvenile proceedings is a parent's fundamental, constitutional right to raise his or her child. *Cassandra B., supra.*

Whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed. *Octavio B., supra.*

Where an order from a juvenile court is already in place and a subsequent order merely extends the time for which the previous order is applicable, the subsequent order by itself does not affect a substantial right and does not extend the time in which the original order may be appealed. *Rebecca B. v. Sandra B. (In re Rebecca B.)*, 260 Neb. 922, 621 N.W.2d 289 (2000). See, also, *People v. Nyamal M. (In re Mya C.)*, 286 Neb. 1008, 840 N.W.2d 493 (2013).

Orders which temporarily suspend a parent's custody and visitation rights for a brief period of time do not affect a substantial right and are therefore not appealable. *Danaisha W., supra*. See, also, *Cassandra B., supra.*

We first determine that the March 10 order was not merely a continuation of previous orders. It contained a significant modification to prior visitation orders. The prior visitation arrangement that existed throughout the case was terminated and replaced exclusively with supervised therapeutic visits to continue until the therapist recommended otherwise. Further, the prior visitation arrangement provided for monthly visits, while the new format does not establish the frequency of visitation. Clearly the object of this order was to restrict the nature of visitation through the addition of a therapeutic element based on the circumstances of this case.

Second, we determine that the order was not a temporary order, but rather, was one which affected Patrick's substantial right to visit his child. The order gave no clear indication that therapeutic visitation was intended to be temporary or that the court would revisit this issue at

any specific time. We recognize that there was a review hearing scheduled the following month, however, there was no indication in the March 10 order that the therapeutic visitation would be reconsidered at that time. Rather, the only timetable provided in the March 10 order was that therapeutic visitation would continue until the therapist recommended otherwise. The indeterminate nature of this order could potentially result in more than a brief interruption in Patrick's relationship with Darrion.

Finally, the order at issue does not provide a specific means by which Patrick can increase his visitation with Darrion; rather, the order leaves the entire matter of visitation to the discretion of the therapist. The general availability of services for Patrick does not alter the indeterminate nature of this order. As such, it is a final order, which we have jurisdiction to review.

The State's argument is without merit.

DELEGATION OF AUTHORITY TO THIRD PARTY

Patrick argues on appeal that the court improperly delegated authority over visitation to Darrion's therapist. Patrick argues that the court erred by assigning the determination of amount, time, and manner of visitation to Darrion's therapist. Further, Patrick claims the court erred by refusing to set a schedule for visitation.

It is the responsibility of the trial court to determine questions of custody and visitation of minor children according to their best interests, which is an independent responsibility and cannot be controlled by the agreement or stipulation of the parties or by third parties. *Mark J. v. Darla B.*, 21 Neb. App. 770, 842 N.W.2d 832 (2014). See, also, *Zahl v. Zahl*, 273 Neb. 1043, 736 N.W.2d 365 (2007). It is an abuse of discretion for a trial court to delegate to a psychologist or third party the authority to determine when and if visitation can be had by the noncustodial parent. *Deacon v. Deacon*, 207 Neb. 193, 297 N.W.2d 757 (1980), *disapproved on other grounds, Gibilisco v. Gibilisco*, 263 Neb. 27, 637 N.W.2d 898 (2002). See, also, *In re Teela H.*, 3 Neb. App. 604, 611, 529 N.W.2d 134, 139 (1995); *In Interest of D.M.B.*, 240 Neb. 349, 362-363, 481 N.W.2d 905, 914-915 (1992).

Based on the court's comments at the hearing and the language of the March 10, 2016 order, it is clear that Patrick's visitation with Darrion is now to be determined by the therapist, including decisions concerning the amount and timing of visitation, and the length of time that therapeutic visitation is to occur. While we find no abuse of discretion in the court's determination that therapeutic visitation was proper at this time, the court's refusal to set the amount of visitation and leave the extent and time of visitation up to the therapist was improper.

The court's decision to not specify the frequency of visitation effectively delegated such authority to Darrion's therapist. As was the case in *Deacon*, *D.M.B.*, and *Teela H.*, this delegation of authority to determine when and if visitation can be had by Patrick amounted to an abuse of discretion. See, *Deacon*, 207 Neb. at 194-195, 200 (order denying mother's request for specific visitation and requiring mother to attend psychological counseling with children found to effectively allow psychologist to determine extent and time of visitation, and could lead to a denial of mother's proper visitation); *D.M.B.*, 240 Neb. at 362-363 (plain error for a juvenile court to require that a parent participate in a support group on a regular basis and follow all

directions of the counselor); *Teela H.*, 3 Neb. App. at 609-611 (order directing that mother's visitation shall be supervised by the Department as recommended by the child's psychiatrist was an improper delegation of judicial authority).

Accordingly, we reverse the district court's order and remand with directions to specifically determine Patrick's visitation with Darrion, by issuing a schedule designating the frequency of therapeutic visitation.

### RESTRICTION OF REBUTTAL EVIDENCE

Patrick argues that the court restricted rebuttal evidence at the continuation hearing to include only affidavits. As a result, Patrick claims the court denied him due process by removing the opportunity to call or cross-examine Darrion's therapist. We disagree.

First, we note that contrary to Patrick's assertion, the evidence at the first hearing on Patrick's objection to the case plan was not limited to affidavits. In fact, Patrick testified at this hearing.

Second, at the conclusion of the first hearing, the court indicated that the matter was continued to allow Patrick to offer responsive rebuttal evidence. The only limitation placed on the rebuttal evidence by the court was that it be responsive to the contents of the letters and "potentially the counselor." The corresponding order issued after the hearing indicated that Patrick would have the opportunity to offer additional evidence as to the letters only. No limitation was placed on Patrick's ability to call the therapist to testify.

Patrick's second argument is without merit.

### CONCLUSION

Upon our de novo review, we find that the juvenile court erred in improperly delegating the frequency of visitation to Darrion's therapist. We reverse this portion of the order and remand the cause with directions consistent with this opinion. All other provisions in the order are affirmed. Additionally, the court did not violate Patrick's due process rights through limiting rebuttal evidence to affidavits at the continuation hearing.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.