IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

DOLE V. DOLE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KATHLEEN A. DOLE, NOW KNOWN AS KATHLEEN A. CORLEY, APPELLANT,

V.

JOHN H.R. DOLE, APPELLEE.

Filed December 12, 2017.    Nos. A-16-1165, A-16-1166.

Appeals from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed in part, and in part reversed and remanded with directions.

Lawrence G. Whelan and Dennis G. Whelan, of Whelan Law Office, for appellant.

Christopher A. Vacanti, of Vacanti Shattuck, for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Kathleen A. Dole appeals from an order of modification entered by the district court for Douglas County which suspended her previously ordered parenting time and ordered therapeutic parenting time pursuant to the recommendations of a therapist. For the reasons that follow, we affirm in part, and in part reverse and remand the cause for further proceedings.

## BACKGROUND

Kathleen and John H.R. Dole were previously married and a decree of dissolution was entered on March 8, 2005. The parties had two minor children together, Kyla, born in 2002, and Spencer, born in 2005. John was awarded primary physical custody of both children, subject to Kathleen's right to parenting time.

In August 2015, Kathleen filed a complaint to modify the dissolution decree, seeking custody of the children and leave to remove them from Nebraska to Iowa, or in the alternative, to modify her parenting time. John filed an answer and counterclaim for modification in September, seeking, among other provisions, an order requiring that Kathleen's parenting time be supervised due to alleged violations of previous court orders regarding her parenting time. Specifically, John asserted that Kathleen had repeatedly violated previous orders prohibiting her from having unrelated overnight guests of the opposite sex during her parenting time. John's counterclaim for modification also sought an order requiring Kathleen to pay child support pursuant to the current Nebraska Child Support Guidelines.

Trial on the parties' motions to modify was set for July 29, 2016. On July 25, Kathleen filed a motion to dismiss her complaint to modify, which the district court granted. The case proceeded on John's counterclaim to modify.

Following a pretrial conference on the first day of trial, counsel for the parties informed the district court, off the record, that they had reached an agreement that would resolve the remaining issues. At a subsequent hearing, the court stated on the record that it had requested counsel for the parties to submit an order encompassing the terms of the agreement. However, no record was made on July 29, 2016 regarding the terms of the parties' agreement or that one had been reached.

It appears from the record that neither party submitted an order containing the terms of the agreement for several months following the July 29, 2016 hearing. John filed a proposed order with the court on November 3. The district court held a hearing on its own motion on November 10 to enter the order of modification. At the hearing, the court noted that Kathleen objected to the exclusion in the proposed order of a provision ordering parenting time for Kathleen on the evening of July 29. However, such objection was not made on the record. Nonetheless, the court indicated that it recalled ordering such parenting time and would like that provision reflected in its order. Kathleen's counsel argued on the record that John reneged on the agreement hours after it was allegedly entered into and therefore he either backed out of the agreement or one never existed. No further objections to entry of the order of modification or to the content of the proposed order was made.

The district court entered its order of modification on November 14, 2016. The order contained the provisions as stated in John's proposed order with the addition of the provision awarding Kathleen parenting time on July 29, even though that date had already passed. In its order, the court stated that the parties had reached an agreement pursuant to the terms contained therein. The district court ordered that Kathleen's parenting time as previously ordered was to be suspended and that she was to have therapeutic parenting time with the children, consistent with the recommendations of the therapist. The court ordered that the therapist was to "report to counsel for both parties any progress or lack of progress regarding restoring [Kathleen's] relationship with the children, and when the children may be ready to resume regular parenting time with [Kathleen] as previously ordered." The court also ordered that Kathleen was to have one weekly phone call with the children, that John's request to modify child support was denied because Kathleen had not yet completed her education, that the contempt actions filed by each party were dismissed, and that each party was to pay his or her own attorney fees. Kathleen now appeals.

ASSIGNMENTS OF ERROR

Kathleen assigns, restated, that the district court abused its discretion in (1) entering a final order despite the fact that no evidence was presented as to the parties' agreement and with insufficient factual findings, and (2) ordering therapeutic parenting time consistent with the recommendations of the therapist.

STANDARD OF REVIEW

Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. *Hopkins v. Hopkins*, 294 Neb. 417, 883 N.W.2d 363 (2016). A judicial abuse of discretion occurs when a judge elects to act or refrains from acting and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result. *Id*.

ANALYSIS

*Entry of Order of Modification.*

Kathleen argues on appeal that the district court abused its discretion in entering the order of modification because there was no evidence presented that the parties had agreed to the modification and because the court made insufficient factual findings. She claims that prior to trial, the parties allegedly reached an agreement but there was no testimony or record made containing the terms of such agreement. Furthermore, Kathleen asserts that within hours of reaching the alleged agreement, John breached the terms of that agreement, indicating that he either did not intend to abide by the agreement or that there was a misunderstanding as to its terms. We find that Kathleen did not properly preserve this issue for appellate review.

The district court entered an order of modification on November 14, 2016 based upon the agreement that Kathleen and John reached following a pretrial conference on July 29. The provisions of the modification order affected parenting time, child support, attorney fees, Kathleen's additional parenting time on the evening of July 29, and the parties' contempt actions against one another.

Our review of the scant record in this case reveals that Kathleen objected to the entry of the proposed order at the November 10, 2016 hearing solely on the basis that John breached the terms of the agreement within hours of reaching the alleged agreement and therefore he either intended not to honor it or no agreement existed. The court overruled the objection and we find no error in that decision. Kathleen made no further objections to the entry of the order of modification pursuant to the agreement reached on July 29 nor to the contents of the proposed order.

A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015). On appeal, an appellate court will not consider an issue that was not presented to or passed upon by the trial court. *Erin W. v. Charissa W.*, 297 Neb. 143, 897 N.W.2d 858 (2017). This is because the trial court cannot commit error in resolving an issue that was never presented and submitted to it for disposition. *Id*. Thus, in the absence of any objection to entry of an order encompassing the provisions of the

agreement as contained in John's proposed order, we find that Kathleen did not preserve this issue for appellate review.

*Therapeutic Parenting Time.*

Kathleen claims that the district court abused its discretion in ordering therapeutic parenting time that is consistent with the recommendations of the therapist. She argues that in doing so, the district court improperly delegated to a third party its authority to determine questions regarding parenting time according to the children's best interests. We agree.

The best interests of the children are the primary and paramount considerations in determining and modifying visitation rights. *Fine v. Fine*, 261 Neb. 839, 626 N.W.2d 526 (2001). It is the trial court's independent responsibility to determine questions of custody and visitation according to the children's best interests and determinations cannot be controlled by the agreement or stipulation of the parties. *Deacon v. Deacon*, 207 Neb. 193, 297 N.W.2d 757 (1980), *disapproved on other grounds*, *Gibilisco v. Gibilisco*, 263 Neb. 27, 637 N.W.2d 898 (2002). The Nebraska Supreme Court has held that delegation of such responsibility to third parties, such as to a psychologist, is improper. *Id*. See, also, *In re Interest of Teela H.*, 3 Neb. App. 604, 529 N.W.2d 134 (1995).

In *Deacon v. Deacon, supra*, the district court entered a modification to the parties' dissolution decree wherein the court ordered the children and their mother to attend psychological counseling. The Supreme Court found that the portion of the district court's order that effectively placed with the psychologist the authority to determine visitation and to control the extent and time of such visitation was an unlawful delegation of the court's duty. *Id*. Furthermore, the court found that such delegation could result in the denial of proper visitation rights of the noncustodial parent. *Id*.

In the present case, the district court ordered Kathleen to have therapeutic parenting time with the children consistent with the recommendations of the therapist. The district court ordered that the therapist was to report on Kathleen's progress in therapy and on when the children may be ready to resume regular parenting time with her. We find this order to be very similar to that in *Deacon, supra*. The district court did not order a specific amount or time period for the therapeutic parenting time, instead leaving such a determination up to the therapist. Such a delegation of the court's independent authority and responsibility to determine visitation is improper.

John acknowledges that the trial court is to make its own, independent determination regarding visitation, but argues that the court had the authority to enforce the therapeutic parenting time provision pursuant to the parties' settlement agreement even if the court could not have ordered the provision on its own. He argues that a voluntary stipulation will be respected and enforced when such stipulation is not contrary to sound public policy. *Bevins v. Gettman*, 13 Neb. App. 555, 697 N.W.2d 698 (2005). However, stipulations and agreements are subject to the approval of the court and may be granted or denied according to the best interests of the child. *Lautenschlager v. Lautenschlager*, 201 Neb. 741, 272 N.W.2d 40 (1978). Furthermore, the well-established principle that the trial court is to determine questions regarding visitation based on the children's best interests "clearly envisions an independent inquiry by the court" and the duty to exercise such responsibility cannot be superseded by agreement or stipulation by the parties. *Id*.

Despite Kathleen's failure to object to the order of modification, we find that the district court abused its discretion in improperly delegating its authority to a third party therapist to determine the amount and nature of parenting time that Kathleen is permitted to have with her children. We reverse the district court's order of therapeutic parenting time consistent with the therapist's recommendations and remand this matter with directions to determine parenting time if and when appropriate.

## CONCLUSION

Based on our review of the record, we find no abuse of discretion in the district court's entry of an order of modification based upon the parties' agreement on the issues of child support, attorney fees, and the parties' contempt actions, but find that the district court improperly delegated its authority to determine visitation to a third party. We therefore reverse and remand for further proceedings on the issue of parenting time.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.